IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JUDITH RAE PAVELOSKY,           )
                                )
        Plaintiff,              )
                                )
    v.                          )       2:05cv1029
                                )       Electronic Filing
UNUM PROVIDENT CORPORATION,     )
and UNUM LIFE INSURANCE         )
COMPANY OF AMERICA,             )
                                )
        Defendants.             )

## MEMORANDUM ORDER

AND NOW, this 25th day of July, 2006, upon due consideration of defendants UNUM Life Insurance Company of America and UNUM Provident Corporation's Motion for Judgment on the Pleadings and the parties' submissions in conjunction therewith, IT IS ORDERED that the motion be, and the same hereby is, denied.

Defendants correctly note that the rule that a contractual provision may validly limit the time for commencing an action to a period shorter than that proscribed by a general statute of limitations is applicable to claims brought pursuant to ERISA, provided the shorter period of time is itself reasonable and consistent with the general aims of the statute. See Clark v. NBD Bank, N.A., 3 Fed. Appx. 500, 503-04 (6th Cir. 2001) ("The district court adhered to the majority of cases that have followed the general principles of contract law and have upheld the contractual limitations period if they are reasonable.") (collecting cases in support). Under defendants' own interpretation plaintiff presumably had until October 12, 2003, to commence a timely action for the denial of benefits based on a disability date of April 15, 1999.

Material issues remain as to whether a basis for equitable tolling exists. Plaintiff notified defendants of her medical condition and resulting disability on August 27, 2002, which was well within the statute of limitations. Defendants requested additional information, including contacting plaintiff's physicians to obtain records. After receiving the additional information,

defendants did not deny plaintiff's "claim" on the ground of late notice or late written proof of claim.[1] Instead, they informed plaintiff that her "claim" was being denied because the policy "did not include a provision for waiver of premium benefits."

Equitable tolling can provide relief from what would otherwise be an untimely claim when extraordinary circumstances are present. The federal doctrine of "equitable tolling stops [a] statute of limitations from running when the date on which the claim accrued has already passed." Lake v. Arnold, 232 F.3d 360, 370 (3d Cir. 2000) (citing Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir. 1994)).

Equitable tolling generally is appropriate in three scenarios: (1) where a defendant has actively mislead the plaintiff with respect to his or her cause of action; (2) where the plaintiff has been prevented from asserting a claim as a result of other extraordinary circumstances; or (3) where the plaintiff has asserted his or her claim in a timely manner but in the wrong forum. Lake, 232 F.3d at 370 n. 9. Among others, the following factors are appropriately considered in determining whether extraordinary circumstances are present in the context of a claim for benefits under an insurance plan: (1) lack of actual notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) the absence of prejudice to the defendant; and (5) the reasonableness of a plaintiff's remaining ignorant of the filing requirement. Andrews v. Orr, 851 F.2d 146, 150 (6th Cir. 1988).

The pleadings and the reasonable inferences that can be drawn therefrom indicate that

---

[1] Presumably at that point defendants would have had to demonstrate actual prejudice from any late notice or proof of claim. See e.g. Foley v. International Broth. of Electrical Workers, 1 F. Supp.2d 797, 803 n. 6 (E.D. Pa. 2000) ("Even if Foley's appeal were untimely, defendants would not prevail, because they have not shown that they were prejudiced by the untimely submission, as they are required to do under the Supreme Court's recent decision in UNUM Life Ins. Co. v. Ward, 526 U.S. 358, 119 S.Ct. 1380, 143 L.Ed.2d 462 (1999). See Garcia v. Fortis Benefits Ins. Co., No. 99-826, 2000 WL 92340 at *4-11(E.D. Pa. Jan. 24, 2000) 2000 U.S. Dist. LEXIS 569, at *27-37 (in Pennsylvania, ERISA-covered plan required to show it was prejudiced by untimely claim application) (citing Ward); Brakeman v. Potomac Ins. Co., 472 Pa. 66, 371 A.2d 193 (1977)").

plaintiff may be able to prove a set of facts that demonstrate defendants' treatment of plaintiff's August 27, 2002 notice sufficiently contributed to plaintiff's failure to pursue further review at that juncture and then timely file suit within the three year contractual limitations period. In other words, it is not clear as a matter of law that the only cause of plaintiff's late filing of suit was her own lack of diligence in pursuing her rights under the plan. Accordingly, defendants' motion for judgement on the pleadings must be denied.



David Stewart Cercone
United States District Judge

cc: Scott Michael Hare, Esquire
Bartony & Hare
429 Fourth Avenue
Suite 1801
Law & Finance Building
Pittsburgh, PA 15219

William James Rogers, Esquire
Thomson Rhodes & Cowie, P.C.
1010 Two Chatham Center
Pittsburgh, PA 15219